LittletoN, Judge,
delivered -the opinion of the court:
The facts clearly show that during the period from January 1, 1930, to January 8, 1936, plaintiff’s mother was dependent upon him for her chief support. The mother’s investment of $14,000 received from her husband’s business upon his death in 1927 was worthless prior to and during' the period of the claim herein from January 1, 1930, to January 8, 1932. Subsequent to the last-mentioned date this investment was closed out at a substantial loss which fell on plaintiff. The small contributions which plaintiff’s sister, Mrs. Dasher, and her husband made to the household expenses were no more than sufficient for their support and that of their children. They resided in the home with their mother in order to take care of the household duties inasmuch as the mother was unable to perform any work and in order to allow the younger sister Mary to devote her time, which was necessary, to the personal care of her mother. Garrard Haines had a family of his own to support. The income of the husband of Mrs. Dasher did not at any time during the period of the claim exceed $135 a month and his salary prior to August 1933 was only-$100 a month. Plaintiff is entitled to recover the increased subsistence and rental allowances authorized by law for an officer of his rank for the period January 1, 1930,. *511 to January 8, 1936, on account of the fact that during this, period his mother was in fact dependent upon him for her chief support.
This leaves for consideration defendant’s counterclaim for-$2,792.16, representing the total amount allowed and paid the-plaintiff from April 16, 1918, to July 5, 1921, for commutation of quarters, heat, and light for his mother on the ground, that she was dependent upon him. The facts of record do not sustain this counterclaim and it must therefore be denied.. The evidence as a whole establishes the fact that these-payments were properly and legally made to and received, by plaintiff. The allowances which are sought to be recovered in the counterclaim were made and paid under the-..act of April 16,1918, 40 Stat. 530, which was an act to provide quarters or commutation thereof for commissioned! officers in certain cases, and provided as follows;
That during the present emergency every commissioned officer of the Army of the United States on duty in the field, or on active duty without the territorial jurisdiction of the United States, who maintains a place-of abode for a wife, child, or dependent parent,, shall be furnished at the place where he maintains such place of abode, without regard to personal quarters furnished! him elsewhere, the number of rooms prescribed by the Act of March 2,1907 (34 Stat. 1169), to be occupied by,, and only so long as occupied by, said wife, child, or dependent parent; and in case such quarters-are not available every commissioned officer shall be paid commutation thereof and commutation for heat and’ light at the-rate authorized by law in cases where public quarters are not available; but nothing in this act slia-ll' be so construed as to reduce the allowances now authorized bylaw for any person in the Army.
Plaintiff provided his mother with one room, and heat and light for this one room, and it was at al! times during-the period of the counterclaim physically occupied by plaintiff’s mother. Moreover, the facts establish that' in the circumstances which obtained during the period’of the counterclaim plaintiff, in making the contributions totaling $5,550-to his mother for her support as set forth in the findings, responded to a needy family condition in an-amount in excess-of the allowances obtained by him within- the.- meaning of; *512 the act of May 26, 1926, 44 Stat. 654, which was an act to validate payments for commutation of quarters, heat, and light, and of rental allowances on account of dependent. In Halloran v. United States, 69 C. Cls. 59, this court said:
Manifestly the foregoing remedial legislation [Act of May 26, 1926, supra] was intended to validate administrative action theretofore taken under the act of April 16,1918, which would have or might have fallen outside its provisions and occasioned loss to the disbursing officers who had acted in good faith with respect thereto. Not only this, Congress further extended relief to payees who had actually “responded to a needy family condition” in an amount at least equal to the allowances obtained by him * * * prior to July 1,1923.
Plaintiff actually supported his mother during the period of the counterclaim and subsequently, and under all the facts and circumstances of record we think it is clear that she was in fact dependent upon him for support and that during the period of the counterclaim he actually responded to a needy family condition. In these circumstances the counterclaim is denied and judgment will be entered in favor of plaintiff for $3,124.98. It is so ordered.
Whaley, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.